[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The court conducted a hearing in connection with the allegations of the plaintiff's complaint and the following constitute the findings of fact and conclusions of law based upon the relevant, credible and admissible evidence presented during said hearing and trial.
At all times mentioned herein the plaintiff was a non profit, non stock Condominium Association Incorporated under the laws of the State of Connecticut with an office and principal place of business at 9 Birch Court, Cromwell, Connecticut.
At all pertinent times the defendant, George V. Lawler, was the owner of the condominium unit known as Unit #15, 15 Linda Court, which was a part of the Cromwell Hills Condominium. The defendant became subject to the Declaration and By Laws of the Cromwell Hills Condominium Phase I upon taking title. The plaintiff is the unity delegated under said Declaration with the responsibility to enforce the Declaration and By Laws of the Association of which the defendant's unit was a part.
In 1994 Unit #10 owned by one Linda Carta sustained water damage to her bathroom area on multiple occasions. Subsequent investigation revealed that the source of the damage was water leaking from around the tub area and tiles of the defendant's bath room which was located directly above that of Ms. Carta. The manager of the condominium association conducted an investigation and notified the defendant of the problems with water leaking from the bathroom in his unit. The association was under some degree of CT Page 3811 pressure from the local sanitarian who was threatening to cite both the association and the defendant into the housing court unless these conditions of water leakage were corrected forthwith.
Letter and telephone contact from the manager of the condominium association to the defendant, George V. Lawler, was both timely and reasonable and evoked no reasonable response from the defendant. Accordingly, under the authority delegated to the association pursuant to the Declaration and By Laws, the plaintiff proceeded to enter the defendant's unit and make the necessary repairs. In addition the plaintiff arranged for repairs to the unit of Ms. Carta below which was also damaged.
Section 10 of the aforementioned By Laws provides in pertinent part that (a) the unit owner is responsible for the maintenance of the unit; (b) that each unit owner is responsible for all damages to any and all units and/or to common areas and facilities caused by negligence or failure to maintain or repair the unit; (c) maintenance and repairs and replacements of common elements and facilities caused by the negligence, misuse or neglect of the unit owner shall be charged to the unit owner.
The court further finds that the defendant failed to maintain the operation of his bath room unit in reasonable repair so as to prevent water from leaking from his unit down the walls to the unit below. The defendant, and/or his tenant, had caused some repairs to be made to his unit in 1993 but that repair failed to remedy the situation that continued to exist or came into existence again and which subsequently caused damage to Ms. Carta's unit below.
It is apparent that the defendant relied on a hope that the damage was being caused by the faulty operation of a common system within the units which under the Declaration and By Laws would be the responsibility of the plaintiff Association. Such reliance was not well placed.
The court finds that the plaintiff has established by virtue of the evidence presented and the By Laws and Declaration a sufficient basis upon which it may recover its expenditures for repairs reasonably necessary to the defendant's unit and the unit of Ms. Carta.
Judgment may enter for the plaintiff against the defendant in the amount of $2,941.66 on account of reasonable repairs to the defendant's unit and $505.00 for repairs to unit 10 owned by Ms. CT Page 3812 Carta for a total of $3,446.66.
The plaintiff has presented a claim for attorney's fees but the court concludes from the evidence that the action taken was not for the collection of common expenses or repairing common areas. Accordingly, there is no basis in the By Laws for the award of attorney's fees under the facts presented in this case.
It is so ordered.
HIGGINS, J.